# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _1784 CV02700_

_Margaret Driscoll_, PLAINTIFF(S),

v.

_Simsbury Associates In_DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO _Simsbury Associates Inc_. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___Superior sunat__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.   **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.   **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
     a.   Filing your **signed original** response with the Clerk's Office for Civil Business, _Suffolk Superior_ Court, _3 Pemberton Square Boston_ (address), by mail or in person, **AND**
     b.   Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: _75 Center st Unit 1 Somerville, MA 02143_

3.   What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.    Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.    Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____       Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

Suffolk Superior Court
Docket No. 17-2700 B

Margaret Driscoll,
      Plaintiff,



v.

Simsbury Associates, Inc.,
      Defendant,

### COMPLAINT

1. The Plaintiff is Margaret Driscoll of Everett Massachusetts.

2. The Defendant is Simsbury Associates, Inc., which does business in Boston under the name LANDMARK Senior Living Communities.

3. The Defendant provides living accommodations for the elderly including those persons who are ill The Plaintiff was employed by Defendant as Executive Director at Defendant's Longwood facility until on or about November 22, 2016. On that day she received a letter from Defendant that she was terminated.

4. When she first became employed by the Defendant, the Plaintiff observed certain persons working for or in and around the Defendant who were unsavory and were suspected by Plaintiff and other staff members of being members of pernicious gangs. She also observed signs of decadence in and around the Defendant such as, without

1

limitation thereof detritus, unopened bottles and open bottles of alcoholic beverages and the sale and purchase of drugs.

5. The Plaintiff also observed that certain female employees of the Defendant were aligned with persons who were members of the aforementioned gangs.

6. The Plaintiff reacted to the aforementioned problems with disgust because, amongst other things, the Defendant was advertised as a very high class, clean and respectable home for the aged and derived its reputation as being close to the New England Baptist Hospital. In the Defendant's advertising and website the Defendant appeared and was portrayed as a very supportive facility that would assist the aged in a safe, clean and proper atmosphere to make the transition to old age with dignity and care.

7. A person named Stacy Crerar, Vice President of Operations, was the Plaintiff's supervisor.

8. In order to address the problems that the Plaintiff found, amongst other things, she called in for assistance to the Boston Police Department, fired the aberrant employees who had connections to the aforementioned gangs and took steps to "cleanup" the negative situations she found.

9. The Plaintiff was very successful in her efforts and received accolades from persons in authority. Amongst other things the Plaintiff received a bonus of $10,000 from a

2

corporate officer whose name is Matthew Boyle .This bonus was for her exemplary work.

10. During her tenure at Landmark, she received glowing and positive reviews of her work, her work ethic and ability to maintain administrative order in a very complex environment.

11. The persons who were under her command as well as those to whom she reported were firmly consistent in their steady accolades for her meritorious service in which she placed the demands and requirements of Landmark before her own needs. In short, she was selfless in her performance of her duties and responsibilities.   Those, to whom she gave orders, uniformly complemented her on her sense of duty, her comprehension of human nature and the steady, kind approach she used even when dealing with problems created by subordinates.

12. This very positive relationship between Landmark and Margaret Driscoll came to a halt when Landmark discovered that she had sided with a fellow employee, Gailanne Cummings who made a complaint of employment discrimination and retaliation to the MCAD. One or more persons said to her the following in these exact words: "You are going to be held accountable because of Gailanne Cummings".

13. From that moment on our client was constantly barraged with disparaging remarks and

3

innuendoes, and even threats of physical abuse. Senior persons at Landmark would

scream at her, yell at her, and broadcast slanderous remarks and lies about her to her

fellow employees.

14. Plaintiff was very affected by the clamor, unfairness and lack of dignity pushed upon

her. She became so nervous, so upset that she went to physicians at Massachusetts

General Hospital who documented the negative effect of the stressors that Landmark

inflicted upon her, including without limitation thereof, Post-Traumatic Stress.

15. Before the November 22 letter of termination from Landmark to her, she had been

told, over 100 times, to put into her records for billing purposes to Medicare and state

reimbursement authorities,    that she and her employees had provided **FULL CARE**

in cases where there had only been provided 30 minutes of care. This materially

violates federal and state law and gives rise to Qui Tam claims.

16. The Plaintiff lost vacation time resulting from the stressors that Landmark put upon

her, and violations of the FMLA law relating to personal time off but was not allowed

credit for that.

17. The constant stressors, threats and other activities of Landmark caused Plaintiff to

require medical intervention and take paid medical leave.

4

18. Plaintiff reported to persons in authority, including Suzanne Kevinge the IT person in

    charge that the traumatic episodes caused by Defendant caused Plaintiff illness.

    Margaret was therefore entitled to time off because of the Employer- caused disability,

    without charging it to her accumulated vacation same.

## COUNT 1 – INTENTIONAL AND/OR NEGLEGENT INFLICTION OF EMOTIONAL DISTRESS

19. The Plaintiff restates and re-Avers the preceding paragraphs and averments as though

    set forth herein in haec verba.

20. The Defendant's activities caused the Plaintiff serious personal injuries.

21. The Defendant's activities which caused her injuries were either intentional or

    negligent and were the direct and proximate cause of her injuries.

## COUNT 2 – QUI TAM DUE TO VIOLATIONS OF FEDERAL AND STATE LAW

22. The Plaintiff restates and re-Avers the preceding paragraphs and averments as though

    set forth herein in haec verba.

23. The actions of the Defendant and its affiliates and key employees violated both

5

Federal and State law relating to Medicaid and Medicare reimbursement, and other direct and indirect financial benefits to the Defendant, its affiliates and key employees. Plaintiff advised the Defendant's management to correct the illegal situation, but Defendant did not end the practice which is still ongoing.

24. Because of that, the Defendant, said affiliates and key employees have been unjustly enriched at the expense of taxpayers.

WHEREFORE, the Plaintiff hereby makes a Qui Tam claim and demand for recovery for all overcharges made at any time by or through the Defendant, such affiliates and key employees, and demands that the same, together with costs of suit including reasonable attorney's fees, be paid to the Plaintiff or to the Commonwealth Of Massachusetts or to the United States treasury, as their interests may appear.

## COUNT 3 – BREACH OF CONTRACT

25. The Plaintiff restates and re-Avers the preceding paragraphs and averments as though set forth herein in haec verba.

26. The actions and activities of the Defendant that were focused against the Plaintiff by the Defendant constituted a breach of the employment contract and contractual arrangement between the Plaintiff and the Defendant.

6

WHEREFORE, the Plaintiff demands judgment against the Defendant for all damages to her arising from the Breach of Contract by the Defendant.

## COUNT 4 – FRAUD CLAIMS

27. The Plaintiff restates and re-Avers the preceding paragraphs and averments as though set forth herein in haec verba.

28. The Defendant's actions were fraudulent as against the Plaintiff for many reasons, including without limitation thereof, the failure to inform the Plaintiff of the true nature of the business operated by the Defendant including the understaffing of employees and the over staffing of patients, which caused a severe deterioration of the quality of care given by the Defendant and the misrepresentations in its advertising and public face which claimed a higher than given quality of care and which Plaintiff relied on to her detriment.

29. The Defendant's said actions caused such aggravation and stress to the Plaintiff that she suffered severe physical and emotional medical problems and disability

WHEREFORE the Plaintiff demands compensation for all damages suffered by her on account of said fraudulent activity of the Defendant.

## COUNT 5 – WAGE AND HOURS CLAIMS

7

30. The Plaintiff restates and re-Avers the preceding paragraphs and averments as though set forth herein in haec verba.

31. During the course of her work at the Defendant, the plaintiff was denied monies for work performed, time or accumulated sick leave time, and was unlawfully denied the vacation pay accrued, sickness benefits promised, and guarantees under the Massachusetts Wage and Hours laws.

WHEREFORE Plaintiff demands that all monies to which she was so entitled be computed and tallied and paid to her forthwith.

### COUNT 6 – 93A CLAIMS

32. The Plaintiff restates and re-Avers the preceding paragraphs and averments as though set forth herein in haec verba.

33. The Plaintiff sent to the Defendant written claims for damages caused by the egregious misconduct of the Defendant, its employees and representatives, and demanded that the Defendant pay to the Plaintiff damages, costs and expenses incurred by her in connection with the claims set forth in this Complaint, and further demanded that the Defendant cease and desist from further violations of state and federal law described in

8

this Complaint.

34. The Defendant in spite of its egregious conduct towards the Plaintiff has steadfastly

refused to pay her monies or otherwise alleviate her distress and damages caused by

Defendant's conduct.

35. Defendant's conduct toward the Plaintiff constitutes violations of M. G. L. A. c 93A

   WHEREFORE, the Plaintiff demands that upon judgment and assessment of her

damages, that the Defendant pay up to three times her damages plus costs of suit

including, without limitation thereof attorneys' fees, filing fees, all discovery costs, costs

of depositions, interviewing and hiring of expert witnesses, preparation and filing of

discovery requests concerning expert witnesses, making of motions and preparing

oppositions, if any, to the Defendant's Motions; and all further and other costs and

expenses associated with this lawsuit.

TRIAL BY JURY
PLAINTIFF DEMANDS TRIAL BY JURY

                                    Respectfully Submitted
                                    Margaret Driscoll
                                    By her attorney,

                                    Law Offices of Dean C. Brunel
                                    (BBO #: 061800)
                                    75 Central St. Unit 1
                                    Somerville, MA 02143
                                    T & F: 617-628-6729
                                    deanbrunel@gmail.com

9